UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CYNTHIA JEAN HENDERSON,

    Plaintiff,

v.                                          Case No:   6:12-cv-1290-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER[1]

This matter comes before the Court on Plaintiff's Attorneys' Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b).  (Doc. 31).  Plaintiff brought this action for judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits.  (Doc. 1).  The issues were fully briefed and on August 29, 2013, the Court entered its final order reversing and remanding the Commissioner's decision for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 25).  On August 30, 2013, the clerk entered judgment accordingly.  (Docs. 26).  The Court subsequently awarded Plaintiff $5,163.72 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA").  (Doc. 28).

Following the reversal of the Commissioner's decision, Plaintiff was awarded years of past due benefits in an amount in excess of $80,000, as well as ongoing future benefits.  (Doc. 31 ¶ 2; Doc. 31-2 at 2).  Her fee agreement with her lawyer provides for attorney's fees in the amount of 25% of any past due benefits awarded to Plaintiff and her

---

[1] The parties consented to trial by the United States Magistrate Judge and on October 29, 2012, the district judge entered his Order approving the consent to jurisdiction by the Magistrate Judge.   (Doc. 13).

family, minus all EAJA fees.  (Doc. 31-1).   Plaintiff's counsel seeks a net award of $14,979.93, which he asserts is the amount that was withheld by the Social Security Administration for the payment of attorneys' fees, minus the $5,163.72 he has already received in EAJA fees.   See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271-74 (11th Cir. 2010).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his or her client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.   42 U.S.C. § 406(b)(1)(A).   In capping the fee at twenty-five percent, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'"   Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002).   "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."   Id. at 807.

The Commissioner does not object to the award of 406(b) fees, but maintains that Plaintiff miscalculated the amount due. (Doc. 32).   The Court agrees.   Upon due consideration, the motion is **GRANTED** and counsel for Plaintiff is awarded 406(b) fees **in the amount of $14,949.93**, which is 25% of Plaintiff's past due benefits ($20,113.65, not $20,143.65) minus the EAJA fees already paid.   This 406(b) award is to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration.

**DONE** and **ORDERED** in Orlando, Florida on December 29, 2014.

THOMAS B. SMITH
United States Magistrate Judge

- 2 -

Copies furnished to Counsel of Record